ELECTRONICALLY FILED - 2024 Mar 25 3:29 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200740

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF AIKEN<br><br>Alisha Johnson,<br><br>     Plaintiff,<br><br>v.<br><br>Savannah River Nuclear Solutions.<br><br>     Defendant. | IN THE COURT OF COMMON PLEAS<br> SECOND JUDICIAL CIRCUIT<br><br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED: SAVANNAH RIVER NUCLEAR SOLUTIONS

  YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

               BY: s/Elizabeth Millender
                   Elizabeth Millender (#104204)
                   Nicholas J.M. Quatraro (#106417)
                   CROMER BABB & PORTER, LLC
                   1418 Laurel Street, Ste. A
                   Post Office Box 11675
                   Columbia, South Carolina 29211
                   Phone: (803) 799-9530
                   Fax: (803) 799-9533
                   elizabeth@cromerbabb.com
                   nicholas@cromerbabb.com

              **Attorneys for Plaintiff**

March 25, 2024
Columbia, South Carolina

ELECTRONICALLY FILED - 2024 Mar 25 3:29 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200740

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF AIKEN<br><br>Alisha Johnson,<br><br>      Plaintiff,<br><br>v.<br><br>Savannah River Nuclear Solutions.<br><br>      Defendant. | IN THE COURT OF COMMON PLEAS<br>SECOND JUDICIAL CIRCUIT<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## EMPLOYMENT CASE

The Plaintiff, complaining of the Defendant, respectfully alleges as follows.

## PARTIES AND JURISDICTION

1. Plaintiff, Alisha Johnson ("Plaintiff"), is a citizen and resident of Aiken County, South Carolina.

2. Defendant, Savannah River Nuclear Solutions ("Defendant") is a nuclear site with its corporate office located in Aiken, South Carolina.

3. This action arises under Title VII of the Civil Rights Act of 1964, *2000e et seq* and the common law of South Carolina.

4. Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission, received her right to sue letter, and this action is timely.

5. Jurisdiction and venue are proper because the parties have sufficient connections to this circuit, and the events giving rise to this action occurred in Aiken County, South Carolina.

6. Plaintiff demands a jury trial on all triable claims.

1

## FACTUAL ALLEGATIONS

7. Plaintiff is a Black female.

8. Plaintiff began working for Defendant on August 18, 1998.

9. Plaintiff began her career with Defendant after a career in the U.S. Navy.

10. In October 2016, Plaintiff began working in the maintenance department as an engineering specialist. This position is also known as a work window manager.

11. Upon information and belief, it is the practice within the maintenance department in which Plaintiff worked for the most senior work window manager to be promoted to spot manager in the same department when the position became available.

12. Upon information and belief, that practice was the same when a lead planner position became available.

13. The spot manager and lead planner positions became vacant in June 2022.

14. In June 2022, Plaintiff was the most senior work window manager.

15. Despite this, and the common practice in her department, Plaintiff was not promoted to either position.

16. Russell Overton ("Overton"), a white male, was promoted to spot manager.

17. William Owensby ("Owensby"), a white male, was promoted to lead planner.

18. Overton had been employed as a work window manager for approximately two years at the time of his promotion.

19. Owensby was laterally transferred from the planning department and had never worked as a work window manager before being promoted to lead planner.

20. Plaintiff held the position of work window manager since October 2016, much longer than Overton.

ELECTRONICALLY FILED - 2024 Mar 25 3:29 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200740

21. In July 2022, a month after these promotion decisions were made, Plaintiff spoke to the Work Center Manager, Frederick "Porter" Youngblood ("Youngblood"), a white male.

22. Plaintiff spoke with Youngblood about why Overton and Owensby were promoted over her for either of the two open positions. Plaintiff mentioned her race as a factor in this discussion.

23. Youngblood responded by telling Plaintiff that he could staff the positions however he wanted to.

24. Plaintiff then reached out to Level III Manager, Eddie Bodie ("Bodie"), a white male.

25. Plaintiff spoke with Bodie about her failure to be promoted despite her experience. Plaintiff mentioned her race as a factor in this discussion.

26. Bodie acknowledged that Youngblood had failed to follow the standard practice for promotion within the department.

27. In October 2022, Plaintiff was required to train Owensby because he was not qualified as a work window manager, which is a requirement for the lead planner position that Owensby was promoted to over Plaintiff.

28. Later that month, Plaintiff contacted Youngblood and Bodie again about the failure to promote and discriminatory decision to promote two white males who were not qualified for the positions over Plaintiff, a black female, who was qualified for the positions.

29. Plaintiff also spoke to David Hart ("Hart"), a white male, Bodie's direct supervisor about the failure to promote.

30. Hart involved Human Resources representative, Tamara Baldwin ("Baldwin"), a black female.

3

31. Plaintiff then met with Baldwin about her concerns of the discriminatory failure to hire.

32. In November 2022, Plaintiff met with Youngblood, Bodie, Hart, and Baldwin. During that meeting, management acknowledged that the situation was handled incorrectly, and not per the standard operating procedures. Management continued by claiming that the discriminatory failure to hire was not intentional.

33. During that same meeting, Plaintiff expressed her belief that if she was a white male, she would have been promoted.

34. Plaintiff also asked to be moved to a different department because she perceived the maintenance department to be a "good old boy" system, and told management that her coworkers were consistently using racial slurs in her presence and that she has reported the instances of the use of those racial slurs to Youngblood, and the environment did not change.

35. During that meeting, Defendant management kept giving Plaintiff different reasons as to why she could not be transferred to another department, despite the discriminatory nature of the maintenance department.

36. On November 22, 2022, Terry Stoudemire ("Stoudemire"), a white male, came into Plaintiff's work area and began asking her about a bar that Plaintiff used to own in Aiken, South Carolina with a predominately Black customer base.

37. Stoudemire asked Plaintiff if he would be welcome there and referenced that the bar Plaintiff owned was in a "bad side of town." Plaintiff told Stoudemire that anyone was welcome.

38. Plaintiff perceived this to be discriminatory and racially motivated, and reported the conversation to Youngblood and Human Resources.

39. Plaintiff perceived this conversation to be racially motivated because Stoudemire had engaged in past conversations where he used racial slurs, which she reported.

40. Plaintiff was issued a write-up for this incident.

41. Upon information and belief, Stoudemire was not disciplined.

42. On February 2, 2023, Plaintiff met with three members of Defendant's general counsel about accusations that she had used a government computer to apply for a Paycheck Protection Program loan ("PPP loan") for her personal business.[1]

43. Defendant's general counsel claimed that they received an anonymous tip that Plaintiff used her government computer to apply for a PPP loan for her personal business.

44. Plaintiff told Defendant's general counsel that she had not applied for a PPP loan from her work computer. She did say that she submitted paperwork for a separate loan from her work computer.

45. Plaintiff then appeared before a Defendant review board regarding the use of her work computer.

46. During the hearing, Plaintiff acknowledged that she had violated a policy per the review board hearing but did not know that her using the government issued computer to send that paperwork was a violation.

47. On March 1, 2023, Plaintiff's employment was terminated by Baldwin, Youngblood, and Hart for allegedly providing false information during an investigation and misuse of a government computer.

---

[1] The United States Small Business Administration began a program that would allow businesses throughout the country to apply for an SBA-backed loan that would help businesses keep their workforce employed during the COVID-19 pandemic. The PPP program ended on May 31, 2021.

5

48. Plaintiff was never provided an explanation regarding the accusation of providing false information.

**FIRST CAUSE OF ACTION**
**(Race Discrimination in violation of Title VII)**

49. Plaintiff reallages the forgoing where consistent.

50. Plaintiff is a member of a protected class based on her race – African American.

51. Plaintiff met the legitimate performance expectations of her job.

52. Plaintiff did not get promoted and was not afforded the same promotion opportunities as her white counterparts.

53. Plaintiff was denied several fair opportunities for a promotion and was instead passed over in favor of less qualified candidates who were white.

54. Plaintiff's complaints about a racially discriminatory workplace were disregarded, and instead of addressing such concerns, Defendant took adverse actions against Plaintiff.

55. Plaintiff suffered disparate terms and conditions of employment, failure to promote, and termination. These adverse employment actions were motivated by her race as an African American in violation of Title VII.

56. Plaintiff was injured as a direct and proximate result of Defendant's actions and Plaintiff seeks the following damages from Defendant as a result: back pay, front pay, lost benefits, diminished earning capacity, compensatory damages, pain and suffering, stress and anxiety, emotional harm, prejudgment interest, attorney's fees and costs, tax offset for a lump sum award, and appropriate equitable relief.

**SECOND CAUSE OF ACTION**
**(Sex Discrimination – Title VII)**

57. Plaintiff realleges the foregoing where consistent.

ELECTRONICALLY FILED - 2024 Mar 25 3:29 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200740

ELECTRONICALLY FILED - 2024 Mar 25 3:29 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200740

58. Plaintiff is a member of protected class based on her sex – Female.

59. Plaintiff met the legitimate performance expectations of her job.

60. Plaintiff did not get promoted and was not afforded the same promotion opportunities as her male counterparts.

61. Plaintiff was denied several fair opportunities for a promotion and was instead passed over in favor of less qualified candidates who were male.

62. Plaintiff's complaints about a discriminatory workplace were disregarded, and instead of addressing such concerns, Defendant took adverse actions against Plaintiff.

63. Plaintiff suffered disparate terms and conditions of employment, failure to promote, and termination. These adverse employment actions were motivated by her sex as a female in violation of Title VII.

64. Plaintiff was injured as a direct and proximate result of Defendant's actions and Plaintiff seeks the following damages from Defendant as a result: back pay, front pay, lost benefits, diminished earning capacity, compensatory damages, pain and suffering, stress and anxiety, emotional harm, prejudgment interest, attorney's fees and costs, tax offset for a lump sum award, and appropriate equitable relief.

**THIRD CAUSE OF ACTION**
**(Retaliation – Title VII)**

65. Plaintiff realleges the foregoing where consistent.

66. Plaintiff engaged in protected activities when she repeatedly complained to Defendant to oppose race and sex-based discrimination, including disparate treatment, disparate terms and conditions, and discriminatory hiring and promotion practices.

67. Defendant was on notice of Plaintiff's protected activities when it took adverse employment action against Plaintiff.

68. Plaintiff suffered harassment, disparate terms and conditions, failure to promote, and termination by Defendant. These adverse employment actions were because of Plaintiff's protected activities under Title VII, which amounts to illegal retaliation in violation of Title VII.

69. Plaintiff was injured as a direct and proximate result of Defendant's actions and Plaintiff seeks the following damages from Defendant as a result: back pay, front pay, lost benefits, diminished earning capacity, compensatory damages, pain and suffering, stress and anxiety, emotional harm, prejudgment interest, attorney fees and costs, tax offset for a lump sum award, and appropriate equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for actual and other damages, including but not limited to, punitive damages as alleged herein upon each of her claims in an amount to be determined reasonable by a jury or the Court where appropriate as well as an award for costs and attorney's fees against Defendant where applicable and any such other relief as the Court in law or equity may deem just and proper. Plaintiff also prays for pre-judgment interest on all damages as recoverable.

BY:  s/Elizabeth Millender
Elizabeth Millender (#104204)
Nicholas J.M. Quatraro (#106417)
CROMER BABB & PORTER, LLC
1418 Laurel Street, Ste. A
Post Office Box 11675
Columbia, South Carolina 29211
Phone: (803) 799-9530
Fax: (803) 799-9533
elizabeth@cromerbabb.com
nicholas@cromerbabb.com

**Attorneys for Plaintiff**

March 25, 2024
Columbia, South Carolina

ELECTRONICALLY FILED - 2024 Mar 25 3:29 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200740

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN | C/A No.: 2024-CP-02-00740 |

| | |
|---|---|
| Alisha Johnson,<br><br>     Plaintiff,<br><br>v.<br><br>Savannah River Nuclear Solutions<br><br>     Defendant. | **CERTIFICATE OF SERVICE** |

This is to certify that the undersigned employee of Cromer Babb & Porter, LLC, did cause to have served on March 26, 2024, a copy of the Summons and Complaint, by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following at the below indicated address:

**<u>Certified Mail, Return Receipt Requested</u>**     *Receipt #91 7199 9991 7037 2950 7217*
Corporation Service Company
Registered Agent for Savannah River Nuclear Solutions, LLC.
508 Meeting Street
West Columbia, SC 29169

*[signature]*
Gina A. Blyler, *Paralegal Intern*

ELECTRONICALLY FILED - 2024 Apr 02 12:38 PM - AIKEN - COMMON PLEAS - CASE#2024CP0200740

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Company
RA for Savannah River Nuclear Solutions
508 Meeting St.
West Columbia, SC 29169

9590 9402 7290 2028 1766 66

2. Article Number (Transfer from service label)

91 7199 9991 7037 2950 7217

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]    ☒ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt