IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Alisha Johnson, | ) | Case No. 1:24-cv-02612-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DEFENDANT'S RESPONSES TO |
| | ) | LOCAL CIVIL RULE 26.03 (D.S.C.) |
| Savannah River Nuclear Solutions, | ) | INTERROGATORIES |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW Defendant Savannah River Nuclear Solutions ("Defendant" or the "Company"), by and through its undersigned counsel, hereby submits the following responses to Local Civil Rule 26.03 (D.S.C.) Interrogatories:

**1.     A short statement of the facts of the case.**

**DEFENDANT'S RESPONSE:**  Plaintiff Alisha Johnson ("Plaintiff") alleges that Defendant failed to promote her due to her race and sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Plaintiff further alleges that Defendant retaliated against her for making complaints about this alleged discrimination in violation of Title VII.  Defendant denies these allegations.

**2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

**DEFENDANT'S RESPONSE**: Defendant is likely to call the following witnesses to testify regarding the facts of this case:

(a)     <u>Plaintiff Alisha Johnson</u>. Plaintiff is expected to testify regarding her employment with Defendant, the facts alleged in the Amended Complaint, her alleged damages, and any other subject relevant to this litigation or the defense of same.

(b)     Frederick "Porter" Youngblood. Mr. Youngblood is the Site Services Section Manager 1, Maintenance WPC, and was Plaintiff's immediate supervisor during the events alleged in the Complaint. Mr. Youngblood is expected to testify regarding his knowledge of Plaintiff's employment and her responsibilities as a Work Window Manager, the structure of the department in which Plaintiff worked, the hiring and/or promotion of employees, the investigation of Plaintiff's use of government resources, Plaintiff's termination, and any other knowledge he may have related to the facts or defenses alleged in this litigation.

(c)     Edward "Eddie" Bodie. Mr. Bodie is the Site Services Section Manager 2, Maintenance WPC, and was Plaintiff's second-level supervisor during the events alleged in the Complaint. Mr. Bodie is expected to testify regarding his knowledge of Plaintiff's employment, discussions with Plaintiff in which he participated, the investigation of Plaintiff's use of government resources, and any other knowledge he may have related to the facts or defenses alleged in this litigation.

(d)     David Hart. Mr. Hart is the Site Program Maintenance Manager and oversaw the department in which Plaintiff worked during the events alleged in the Complaint. Mr. Hart is expected to testify regarding his knowledge of the structure of the department in which Plaintiff worked, Plaintiff's employment with the Company, discussions with Plaintiff in which he participated, the investigation of Plaintiff's use of government resources, Plaintiff's termination, and any other knowledge he may have related to the facts or defenses alleged in this litigation.

(e)     Tamara Blankenship. Ms. Blankenship is a Senior HR Specialist, HR Operations. Ms. Blankenship is expected to testify regarding her knowledge of the Company's policies regarding discrimination, hiring, promotion, conflicts of interest, and use of government resources; discussions with Plaintiff and management in which she participated; her participation in the

discipline review board meeting; Plaintiff's termination; and any other knowledge she may have related to the facts or defenses alleged in this litigation.

(f)     Bill Carter. Mr. Carter is an investigator with the Company's Office of General Counsel. Mr. Carter is expected to testify regarding his investigations into allegations concerning Plaintiff, and any other knowledge he may have related to the facts or defenses alleged in this litigation.

(g)     Malik Lightbourne. Mr. Lightbourne works in the Company's Equal Employment Opportunity Office. Mr. Lightbourne is expected to testify regarding his participation in the discipline review board meeting and any other knowledge he may have related to the facts or defenses alleged in this litigation.

(h)     Natalia Johnson. Ms. Johnson was a member of the discipline review panel that heard allegations of Plaintiff's misuse of government resources on February 22, 2023. Ms. Johnson is expected to testify regarding her participation in the discipline review board meeting, the decision to terminate Plaintiff, and any other knowledge she may have related to the facts or defenses alleged in this litigation.

(i)     Adryan Henderson. Henderson was a member of the discipline review panel that heard allegations of Plaintiff's misuse of government resources on February 22, 2023. Henderson is expected to testify regarding his/her participation in the discipline review board meeting, the decision to terminate Plaintiff, and any other knowledge he/she may have related to the facts or defenses alleged in this litigation.

(j)     Steve Whitcomb. Mr. Whitcomb was a member of the discipline review panel that heard allegations of Plaintiff's misuse of government resources on February 22, 2023. Mr. Whitcomb is expected to testify regarding his participation in the discipline review board meeting,

the decision to terminate Plaintiff, and any other knowledge he may have related to the facts or defenses alleged in this litigation.

(k)     <u>Josh Wright</u>. Mr. Wright is a Senior Computer Security Engineer, Cyber Security, with the Company. Mr. Wright is expected to testify regarding his investigation of Plaintiff's government resources and devices and any other knowledge he may have related to the facts or defenses alleged in this litigation.

(l)     Any and all custodians of records necessary to identify and/or authenticate records entered into evidence by Defendant.

(m)     Any and all human resources personnel necessary to testify as to Defendant's employment practices and Plaintiff's claims regarding employment decisions made by Defendant.

(n)     Any and all individuals identified in the documents produced during the course of this litigation who may have knowledge concerning facts contained in and/or relating to those documents, Plaintiff's claims, and Defendant's employment practices.

(o)     Any and all Rule 30(b)(6) witnesses identified by Plaintiff or Defendant.

(p)     Any expert witness identified by Defendant.

(q)     Any and all witnesses identified by Plaintiff.

Defendant reserves the right to amend and/or supplement this response and incorporates by reference all witnesses identified in documents it produces during discovery.

**3.     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

<u>**DEFENDANT'S RESPONSE**</u>: Defendant has not named any expert witnesses at this time. Defendant reserves the right to amend this response and name an expert witness or witnesses, if necessary, at a later date in accordance with the Court's Conference and Scheduling Order, ECF No. 6, dated May 3, 2024.

**4.     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**DEFENDANT'S RESPONSE**: Below is a summary of defenses identified by Defendant at this time:

- Plaintiff's claims for discrimination based on failure to promote fail because she did not apply to the position she alleges Defendant failed to promote her. *See Stafford v. Bojangle's Rests., Inc.*, C.A. No. 3:20-cv-266-MOC, 2023 WL 6964782, at *10 (W.D.N.C. Oct. 20, 2023) (quoting *Harrison v. S.C. Dep't of Mental Health*, 641 Fed. App'x 202, 206 (4th Cir. 2015)) ("To state a *prima facie* failure to promote claim under Title VII, the plaintiff must have applied or attempted to apply for the position in question. The plaintiff's failure to do so 'is enough to defeat their claim[] as a matter of law.'").

- Defendant's decision to terminate Plaintiff was based on legitimate, non-discriminatory business reasons, namely, violation of Company policies. *See Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Plaintiff cannot prove that Defendant's legitimate, non-discriminatory reasons were a pretext for discrimination. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000); *Dune v. G4s Regulated Sec. Sols., Inc.*, 2014 WL 7920436 (D.S.C. Dec. 15, 2014).

- Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. *Emery v. Smith*, 361 S.C. 207, 220-21, 603 S.E.2d 598, 605 (Ct. App. 2004).

- To the extent Plaintiff seeks damages for emotional harm, stress and anxiety, or pain and suffering, such claims are barred by the South Carolina Workers'

- Compensation Act, S.C. Code Ann. § 42-1-540, which is Plaintiff's sole and exclusive remedy for such alleged injuries.

- Plaintiff has failed to mitigate her damages. *Parker v. Shecut*, 340 S.C. 460, 531 S.E.2d 546 (Ct. App. 2000).

- Plaintiff's claims are barred to the extent that they exceed the scope of any charge of discrimination that may have been filed by Plaintiff. 42 U.S.C. § 2000e-5(f)(1); *Chacko v. Patuxent Institution*, 429 F.3d 505, 510-511 (4th Cir. 2005).

- Plaintiff's claims are barred for the expiration of the statute of limitations to the extent that she has failed to comply with the applicable time limits for the claims raised against Defendant.

- Defendant asserts the affirmative defenses of the after-acquired evidence doctrine, res judicata, collateral estoppel, and judicial estoppel, as these defenses may be developed during the course of this litigation.

- Defendant reserves the right to assert any additional defenses as discovery and this action proceed.

**5.     Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civil Rule 16.02 (D.S.C.): (a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; (b) Completion of discovery.**

**DEFENDANT'S RESPONSE**: The Parties agreed to waive Rule 26(a)(1) initial disclosures. Defendant agrees with the discovery plan and deadlines outlined in the Court's Conference and Scheduling Order. Defendant reserves the right to move the Court for an adjustment of the Scheduling Order, if needed, as litigation progresses.

**6.** Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).

**DEFENDANT'S RESPONSE**: At this time, Defendant is not aware of any special circumstances that would affect the time frames proposed in the Parties' joint Proposed Amended Scheduling Order.

**7.** Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.

**DEFENDANT'S RESPONSE**: Defendant consents to having this matter heard by the Magistrate Judge; however, during the Rule 26(f) conference, Plaintiff's counsel stated that Plaintiff does not consent to trial before the Magistrate.

Respectfully submitted,

*s/ Phillips L. McWilliams*
Phillips L. McWilliams (Fed. ID No. 11992)
pmcwilliams@fisherphillips.com
Erin W. Anderson (FID 13376)
eanderson@fisherphillips.com
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
Facsimile: (803) 255-0202

ATTORNEYS FOR DEFENDANT

Dated this 6th day of June, 2024.