IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Alisha Johnson, | ) | Case No. 1:24-cv-02612-JDA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| Savannah River Nuclear Solutions, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pursuant to Rule 56, F.R.C.P., Defendant Savannah River Nuclear Solutions, LLC ("SRNS") hereby moves this Court for an order granting summary judgment on all of Plaintiff Alisha Johnson's ("Plaintiff") causes of action for race and sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. There exists no genuine dispute of material fact, and SRNS is entitled to judgment as a matter of law.

More specifically, the grounds for SRNS's motion are as follows:

**I. Title VII Discriminatory Termination (Race and Sex)**

The Court should grant summary judgment to SRNS on Plaintiff's discriminatory termination claim because

A. Plaintiff is unable to establish a *prima facie* case of discrimination inasmuch as there is no evidence of a comparator who was treated more favorably, and

B. Plaintiff is unable to rebut SRNS's legitimate, non-discriminatory reasons for terminating her—using her government-issued computer for personal business activities and making false statements to the investigator—both of which violate SRNS's policies.

**II. Title VII Discriminatory Failure to Promote (Race and Sex)**

The Court should grant summary judgment to SRNS on Plaintiff's failure to promote claims because

1

A. the claims are time-barred,

B. Plaintiff failed to apply for the positions in question, and

C. Plaintiff cannot rebut SRNS's legitimate, non-discriminatory reason for its actions.

### III. Title VII Discriminatory Discipline (Race and Sex)

The Court should grant summary judgment to SRNS on Plaintiff's discriminatory discipline claim because

A. Plaintiff did not suffer an adverse employment action,

B. Plaintiff was treated identically as the white, male employee who participated in the same dispute, so she cannot demonstrate a *prima facie* case, and

C. Plaintiff is unable to rebut SRNS's legitimate, non-discriminatory reason for issuing a corrective action to her.

### IV. Title VII Retaliation

The Court should grant summary judgment to SRNS on Plaintiff's Title VII retaliation claim because

A. Plaintiff cannot show causation, and

B. Plaintiff cannot overcome SRNS's legitimate, non-discriminatory reasons for its actions.

In support of this motion, SRNS relies on the pleadings filed in this case; the accompanying memorandum in support of SRNS's motion for summary judgment; the depositions of Plaintiff, Edward Bodie, Frederick Porter Youngblood, and Tamara Blankenship, and deposition exhibits; the declarations of Rick Sprague, Edward Bodie, Frederick Porter Youngblood, Tamara Blankenship, Natalia Johnson, Adryan Henderson, Steve Whitcomb, Joshua Wright, and William Carter, and any attachments to the declarations; the rules of Court; and binding and persuasive law.

        Respectfully submitted,

        <u>s/ Phillips L. McWilliams</u>
        Phillips L. McWilliams (FID No. 11992)
        pmcwilliams@fisherphillips.com
        Shahin Vafai (FID No. 7518)
        svafai@fisherphillips.com
        FISHER & PHILLIPS LLP
        1320 Main Street, Suite 750
        Columbia, South Carolina 29201
        Telephone: (803) 255-0000
        Facsimile: (803) 255-0202

        ATTORNEYS FOR DEFENDANT

June 12, 2025