# SPRAGUE

# DECLARATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | | |
|---|---|---|
| Alisha Johnson, | ) | Civil Action No. 1:24-cv-02612-JDA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DECLARATION OF RICK SPRAGUE** |
| | ) | |
| Savannah River Nuclear Solutions, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Under penalty of perjury, Rick Sprague, being duly sworn, does hereby state that:

1.      I am over the age of eighteen (18) and am competent to testify to the matters herein. Unless otherwise stated, the facts contained herein are known to me personally, and the statements herein incorporated are true and correct.

2.      I recently retired from employment with Savannah River Nuclear Solutions, LLC ("SRNS"), having most recently served as Senior Vice President of Environment, Safety, Health & Quality, from November 12, 2018 to April 30, 2025.

3.      In my role, I had personal knowledge of the purpose, functions, and workings of SRNS, which is a private entity that manages and operates the Savannah River Site pursuant to a management and operations contract with the United States Department of Energy, the owner of the site.

4.      SRNS's mission includes producing and protecting nuclear materials for the nation's security.  To discharge that mission, SRNS employees use government-issued equipment, including computers, whose use is subject to certain restrictions.

5.      SRNS restricts certain employee activities, such as some personal business activities as well as employees' use of its government-issued information technology resources, including computer systems.  Given that SRNS provides contract services to the United States Department of Energy, the restrictions are intended to comply with general conflict of interest principles and the government's interest in not permitting tax dollars to be used to support outside business activity.  Additionally, the sensitivity of the work SRNS carries out demands such restrictions.

6.      In my former role with SRNS, I had personal knowledge about SRSN's policies and procedures for terminating employees and the decision to terminate Alisha Johnson ("Johnson") from SRNS.  These statements are based on my personal knowledge or my review of business records SRNS maintained in the ordinary course of business.

7.      In late February 2023, a three-member panel that was part of a disciplinary review board considered the discipline of Johnson.  The panel recommended Johnson's termination on the grounds that she had used government resources for personal business purposes and had provided false information during an investigation.  I was designated by SRNS's Chief Executive Officer Dennis Carr to serve as his designee in reviewing this recommendation.  I was routinely delegated this authority by Mr. Carr when he was traveling.  I concurred with the recommendation of the disciplinary review panel and decided to terminate Johnson.  Based on experience, I was aware that Mr. Carr's position was of no tolerance when there was evidence of an employee's substantial improper use of taxpayer resources for personal business.

8.      At the time of my decision to terminate Johnson, I was not aware of any complaints by Johnson of discrimination or harassment, based on race or sex, related to her employment with SRNS. I do not know if she ever did make any complaints of discrimination or harassment, based on race or sex, related to her employment with SRNS.

9.      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on June___9___, 2025.

Rick Sprague